**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1589
_____

UNITED STATES OF AMERICA

v.

LUIS ALGARIN-TORRES,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:18-cr-00180-002)
District Judge: Honorable Paul S. Diamond
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 10, 2025

Before: HARDIMAN, PORTER, and SMITH, *Circuit Judges*.

(Filed: April 11, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Luis Algarin-Torres appeals his judgment of conviction for firearm-related offenses following a jury trial. We will affirm.

I

Police arrested Algarin-Torres for trafficking drugs. In a concealed compartment in his home, they found cash, crack cocaine, and a Glock handgun.

A grand jury returned a superseding indictment charging Algarin-Torres with more than a dozen drug trafficking and firearms-related offenses. He pleaded guilty to all charges except for: (1) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(B)(ii); and (2) possession of a firearm by a convicted felon in violation of 18 U.S.C.§ 922(g)(1).

At trial, a former cellmate testified that Algarin-Torres told him that he owned a gun with a switch that made the firearm fully automatic, that the person who sold it to him had installed the switch, and that he had personally tested the modified gun. A federal agent testified that the switch installed on the Glock visibly altered its size and appearance. Another agent testified that the firearm was fitted with a 33-round capacity magazine, more than three times the size of the standard magazine. And a confidential source for the Government testified that she saw Algarin-Torres access the hidden compartment where the gun was found.

The jury convicted Algarin-Torres on both charges and found in a special verdict form that the Glock had been modified to make it capable of firing as a machine gun, which made Algarin-Torres subject to a 30-year mandatory minimum term of

incarceration. *See* § 924(c)(1)(B)(ii). Algarin-Torres moved for judgment of acquittal for his § 924(c) conviction, which the District Court denied. The District Court imposed a total term of 622 months' imprisonment followed by 6 years' supervised release. Algarin-Torres timely appealed.

II[1]

Algarin-Torres argues that his conviction under § 924(c)(1)(B)(ii) should be vacated because the District Court failed to instruct the jury that knowledge is an element of the offense. To challenge jury instructions for the first time after a verdict was returned "is classic sandbagging of the trial judge." *United States v. Bansal*, 663 F.3d 634, 661 (3d Cir. 2011). Because Algarin-Torres's objection was untimely, we review his argument now under the very deferential plain error standard. *Greer v. United States*, 593 U.S. 503, 507 (2021). We perceive no plain error for two reasons.

First, the alleged error is not "clear or obvious." *Puckett v. United States*, 556 U.S. 129, 135 (2009). We have not decided whether § 924(c)(1)(B)(ii) contains an implicit mens rea requirement. Nor has the Supreme Court. *United States v. O'Brien*, 560 U.S. 218, 222 (2010) (reserving the question). And our sister courts that have addressed the question have reached divergent results. *Compare United States v. Haile*, 685 F.3d 1211, 1218 (11th Cir. 2012) (per curiam), *and United States v. Burwell*, 690 F.3d 500, 516 (D.C. Cir. 2012) (en banc), *with United States v. Pérez-Greaux*, 83 F.4th 1, 13 (1st Cir.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to review the final judgment under 28 U.S.C. § 1291.

3

2023). With this level of uncertainty and disagreement, any error could not have been plain. *See United States v. Cruz*, 757 F.3d 372, 387 n.11 (3d Cir. 2014).

Second, the alleged error could not have affected Algarin-Torres's substantial rights. *See Greer*, 593 U.S. at 508. Like Greer, Algarin-Torres cannot show a "reasonable probability" that he would have been acquitted if the District Court had instructed the jury on the mens rea element. *Id*. (cleaned up). The evidence showed that the gun was visibly altered to fire automatically. And Algarin-Torres (1) was familiar with the firearm, (2) knew it had been altered, (3) knew who had modified it, (4) had personally tested the modified firearm, and (5) had accessed the hidden compartment where the gun was stored. On this record, there is no "reasonable probability that, but for [any] error, the outcome of the proceeding would have been different." *Rosales-Mireles v. United States*, 585 U.S. 129, 134–35 (2018) (cleaned up).

\*      \*      \*

For the reasons stated, we will affirm Algarin-Torres's judgment of conviction.

4